UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:16CV-P65-JHM

**RICHARD EDWARD MOORE III**                                                                                   **PLAINTIFF**

**v.**

**HOPKINS COUNTY JAIL**                                                                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Edward Moore III filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims against Defendant Hopkins County Jail (HCJ) and allow Plaintiff to amend the complaint.

**I.**

Plaintiff is a pretrial detainee at HCJ. He names HCJ as the only Defendant. Plaintiff states, "I currently have a health condition that is causing serious damage to my short term and long term health unnecessarily." He maintains that he has been diagnosed with "pulmonary hypertension, congestive heart failure, endocarditis, and pericarditis or heart infection." He states, "The jail is attempting to treat me with oral amoxacillian. This is grossly incorrect and causing major scar tissue inside my heart valve resulting in me needing a new heart valve because I continue to go untreated. The correct treatment is I.V. antibiotics such as vancomyesin." Plaintiff maintains that "[t]his lack of treatment is causing me, severe unnecessary pain, anxiety, and permanent damage to my body's vital organ (heart)." He continues, "I am currently under professional referral by U of L hospital to seek immediate help from a heart specialist which I am being denied this right."

In addition, Plaintiff states that he has "severe dental caries and decay which is also causing short term and long term damage to my health unnecessarily. As well as severe pain and anxiety." Plaintiff states, "I am currently suffering of (severe) chest pain, difficulty breathing, dizziness, rapid pulse, shaking, elevated blood pressure, weakness, pale, cold sweats, and more than 4 weeks of diarreah, and body pains." Plaintiff continues, "In the event I do not survive my illness, I wish attorney Richard Peyton to represent me and any judgment to be awarded" to two named individuals.

Plaintiff further states, "My symtoms could be just a result of needing a heart valve replacement. I'm not sure. I just know it is severe and I must finish my appointments with my heart doctor . . . immediatly." Plaintiff reports, "I also suffer severe jaw pain due to needing to see a oral surgeon. Because jail will not give me medical they are repeating antibiotics to treat recurring infections which is putting my health at risk."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff only sues HCJ.  However, HCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  In this situation, Hopkins County is the proper defendant.  *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).  Further, Hopkins County is a "person" for purposes of § 1983.  *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

The Court therefore will construe the claims against HCJ as claims against Hopkins County.  When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the

liability of a government body under § 1983." *Searcy*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he has been denied treatment for a heart ailments and dental problems. However, nothing in the complaint indicates that he was denied treatment pursuant to a municipal policy or custom implemented or endorsed by Hopkins County. Plaintiff's complaint appears to allege isolated events affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As such, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Therefore, Plaintiff's claims against HCJ must be dismissed for failure to state a claim upon which relief may be granted.

However, upon review of the allegations, **the Court will afford Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged denial of treatment for his heart ailments and dental problems.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff having failed to identify any policy or custom that was the moving force behind his alleged injuries, the Court finds that any official-capacity claims against any newly named Defendants would be futile; therefore, **Plaintiff must sue any newly named Defendants in their individual capacities.**

5

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendant HCJ Jail are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **14 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint with respect to his claims of denied medical and dental treatment.**  Plaintiff shall name as Defendants the individuals whom he alleges are responsible for his injuries with respect to these claims and state specifically the factual allegations against them.  The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he not file an amended complaint within the allotted time, the Court will enter an Order dismissing the action.**

Date: June 6, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4414.010