UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:16CV-P65-JHM

RICHARD EDWARD MOORE III                                           PLAINTIFF

v.

HOPKINS COUNTY JAIL                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Richard Edward Moore III, filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* naming the Hopkins County Jail as the only Defendant. On June 7, 2016, upon initial screening of the complaint in accordance with 28 U.S.C. § 1915A, the Court entered a Memorandum Opinion and Order (DN 16) dismissing Plaintiff's claims against the Hopkins County Jail pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, the Court gave Plaintiff a 30-day period in which he could amend his complaint with respect to his claims of denied medical and dental treatment and to name as Defendants the individuals whom he alleges are responsible for his injuries and state specifically the factual allegations against them. That 30-day period expired, and Plaintiff filed no amendment despite the Court's specific warning that: "Plaintiff is WARNED that should he not file an amended complaint within 30 days, the Court will enter an Order dismissing the action." (Emphasis omitted.)

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as

formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

All claims against the named Defendant have been dismissed, and Plaintiff failed to comply with the Court's Order directing him to file an amended complaint within the time allotted. Accordingly, this matter must be dismissed. The Court will enter a separate Order of dismissal.

Date: August 3, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4414.010